IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MICHAEL KEITH ANGEL,**

       Plaintiff,

v.                                     No. CIV 04-195 BB/WPL

**TORRANCE COUNTY SHERIFF'S DEPARTMENT, TORRANCE COUNTY,** a municipal corporation, **SHERIFF PETE GOLDEN, SUSAN ENCINIAS, CHARLES DuBOIS, MICHAEL ROBERTS, KELLY ROBERTS,** acting individually and in their official capacities on behalf of Torrance County and the Torrance County Sheriff's Department, and **JOHN DOE(S),** as unnamed Defendants acting individually and in their official capacities and in their official capacities on behalf of Torrance County and the Torrance County Sheriff's Department,

       Defendants.

MEMORANDUM OPINION
IN SUPPORT OF
GRANT OF SUMMARY JUDGMENT AND DISMISSAL

       **THIS MATTER** is before the Court on Defendants' *Motion for Summary Judgment* [Doc. 40], and the Court having determined the motion should be Granted as to all claims over which this Court has original jurisdiction, the Court will decline supplemental jurisdiction over the state-law claims.

**Discussion**

I.  **Standard of Review**

Summary judgment is appropriate if there is no genuine issue about any material fact and if the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). It is the moving party's burden to show that there is no genuine issue of material fact, even if the moving party does not have the ultimate burden at trial. *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 982 (10th Cir. 2002). In response, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith*, 475 U.S. 574, 587-88 (1986). When viewing such evidence, the court must draw reasonable inferences in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587. However, the court cannot assume a plaintiff can prove facts not alleged or that the defendants have violated the law in ways that have not been alleged. *Associated General Contractors of Calif., Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983) Once a § 1983 defendant raises qualified immunity, the burden shifts to the plaintiff to show the official violated an established federal legal right. *Verdecia v. Adams*, 327 F.3d 1171 (10th Cir. 2003). And conclusory allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983. *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 532 (10th Cir. 1998); *Dill v. City of Edmond*, 155 F.3d 193, 204 (10th Cir. 1998).

To avoid summary judgment, the nonmoving party may not rest upon the mere allegations in the pleadings but must show some evidence supporting the existence of each essential element of the case. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016-17 (10th Cir. 2001) (citing *Hulsey v. Kmart, Inc.*, 43 F.3d 555, 557 (10th Cir. 1994)). To be a genuine factual

dispute, then, there must be more than a scintilla of evidence. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). To survive a motion for summary judgment, then, affidavits must show that the witness has personal knowledge and must set forth facts that would be admissible in evidence; conclusory and self-serving statements are insufficient. *Salguero v. City of Clovis*, 366 F.3d 1168, 1177 n. 4 (10th Cir. 2004).

## II.  Case History

Plaintiff's lawsuit stems from his arrest on May 17, 2002, in Torrance County, New Mexico, pursuant to a warrant issued by the Torrance County Magistrate Court based upon an affidavit by one of the Defendants. After the Magistrate Court held a preliminary hearing and bound over Plaintiff for trial, the District Attorney filed a *nolle prosequi* and dismissed the charges.

Plaintiff makes a litany of claims under 42 U.S.C. § 1983 including "unlawful arrest and imprisonment" and arrest without probable cause, using "a degree of force that was unreasonable under the circumstances" and subjecting Plaintiff to "cruel and unusual physical and emotional punishment." Plaintiff also makes a § 1983 claim based on supervisory liability and pleads state-law claims of aggravated assault and battery, false arrest, false imprisonment, malicious abuse of process, defamation, and negligence.

## III.  Material Facts

These are the undisputed material facts agreed to by the parties:

1.  During 2001 and early 2002, law enforcement officers of the Torrance County Sheriff's Department conducted undercover investigations on suspected narcotics trafficking in the county. The investigations were conducted in cooperation with the FBI, the U.S. Customs Department and other law enforcement agencies.

2. **Defendant Pete Golden is the duly elected Sheriff of the County of Torrance, State of New Mexico.**

3. **As Sheriff of a department which employed twenty-four officers at the time, Sheriff Golden exercised general supervisory authority over the course of the undercover investigation.**

4. **Defendant Susan Encinias is a duly commissioned law enforcement officer with the Torrance County Sheriff's Department with the rank of Sergeant in 2001-2002.**

5. **As part of the Sheriff's Department's investigation of suspected narcotics trafficking in the county, Sgt. Encinias and Agent DuBois identified Coburn Automotive Repair in Estancia, located near the high school, as a place where controlled substances might be sold.**

6. **Thereafter, Sgt. Encinias and Agent DuBois conducted surveillance of Coburn Automotive Repair and confirmed suspicious activity. Thus, they arranged to send a confidential informant, Kelly Roberts, to the shop in order to attempt to purchase narcotics or other illegal controlled substances.**

7. **On five occasions on April 11, 15, 17, and 23, 2002, the two officers followed essentially the same procedure: Sgt. Encinias thoroughly searched Ms. Roberts, then she and Agent DuBois provided Ms. Roberts with cash and an undercover car, followed her in another undercover vehicle to Coburn Automotive Repair and observed her from a short distance. After Ms. Roberts had purchased drugs, she left the premises in her undercover car, the officers followed her, and they all met at another location. There, Sgt. Encinias thoroughly searched and debriefed her and took custody of any drugs she had purchased. Typically, they paid Ms. Roberts a small fee for each successful purchase of narcotics or controlled substances.**

8. **On May 16, 2002, Sgt. Encinias prepared and filed in the Magistrate Court a Criminal Complaint against Plaintiff and an Affidavit for Arrest Warrant for two counts of trafficking controlled substances, a second-degree felony. The Affidavit was approved in writing by an Assistant District Attorney. Then, the Magistrate Court made a written finding of probable cause to support an arrest, set the bond at $10,000 "cash only" and issued a Warrant for Arrest.**

9. **On May 17, 2002, the investigation culminated in the issuance of warrants and the early-morning arrests of several persons on various charges involving trafficking in various controlled substances. These persons included John Tony Zamora and Zamora's son, Tony Zamora, Jr., Norman Leyba, Michael Vaughn, Carlos Perea, Fidel Luna-Aragon, and Keith Michael Angel who is the Plaintiff in this lawsuit ("Plaintiff"). Subsequently, the Sheriff's Department made more arrests based on the undercover**

operation, including Cristel Snow and Gilbert Dean Zamora, another son of John Tony Zamora, Sr., and other persons.

10. On May 17, 2002, officers of the Sheriff's Department executed the Warrant and arrested Plaintiff.

11. On May 21, 2002, the Magistrate Court of Torrance County arraigned Plaintiff, who pleaded not guilty. The Court kept the bond at $10,000 cash and appointed Kathleen M. Rhinehart to represent Plaintiff.

12. On June 19, 2002, the Magistrate Court conducted a preliminary hearing in *State of New Mexico v. Angel* as to the two felony charges set forth in the Criminal Complaint. At the preliminary hearing, the State of New Mexico was represented by the Deputy District Attorney. Plaintiff appeared in person and was represented by Ms. Rhinehart. At the hearing, the State presented the testimony of Ms. Roberts, Sgt. Encinias and Agent DuBois, all of whom identified Plaintiff in open court. The State's witnesses were cross-examined by Ms. Rhinehart. Then, Ms. Rhinehart of [sic] behalf of Plaintiff presented the testimony of Audrey Ortiz, Plaintiff's "significant other" and mother of his three children, who presented various documents to the Court and was cross-examined by the Deputy District Attorney.

13. After the conclusion of the preliminary hearing, the Court executed a Bind-Over Order in which the Court made a finding of probable cause to believe that the charged crimes had been committed and that Plaintiff had committed them, and bound Plaintiff over for trial in the District Court.

14. On July 17, 2002, based upon the Bind-Over Order, the State of New Mexico, by its District Attorney, filed in the District Court a Criminal Information charging Plaintiff with the two felonies.

15. On July 17, 2002, the State filed a *Nolle Prosequi* as to the two felony charges.

16. The May 17, 2002 county-wide arrests of multiple alleged drug traffickers was a subject of public interest and concern in Torrance County.

17. On May 17, 2002 and in the days following, Sheriff Golden spoke to reporters of various media concerning the investigation and the arrests including KOB-TV and Carolyn Carlson, editor of the Albuquerque Journal's Mountain View Section.

**IV.     Claims Under 42 U.S.C. § 1983 (Count I)**

It is well established under federal law that collateral estoppel bars the relitigation in a § 1983 civil action of any issue previously determined in a state-court criminal case, as long as the plaintiff had a "full and fair opportunity" to litigate the issue in the state-court proceeding. *See, e.g., Allen v. McCurry*, 449 U.S. 90 (1980); *Allen v. Cunningham*, 51 F.3d 285 (10th Cir. 1995). The Tenth Circuit has applied this rule to virtually identical facts. *Hubbert v. City of Moore*, 923 F.2d 769 (10th Cir. 1991) (notwithstanding plaintiff's acquittal at trial, state court's finding of probable cause at preliminary hearing bars relitigation of probable cause in subsequent § 1983 action in federal court); *see also Searing v. Hayes*, 684 F.2d 694 (10th Cir. 1982) (per curium) (even though state court denied evidentiary hearing, plaintiffs may not relitigate issues of probable cause or allegedly false statements made in support of warrant in subsequent federal § 1983 action).

The undisputed evidence is that the Magistrate Court held an evidentiary hearing. At that hearing Sgt. Encinias, Agent DuBois, the confidential informant, Kelly Roberts, and Plaintiff's "significant other," Audrey Ortiz, all testified under oath and were cross-examined, and Plaintiff introduced exhibits; after which the New Mexico Magistrate Court found probable cause that Plaintiff had committed the crime.

Plaintiff clearly had a "full and fair opportunity" to litigate the issue of probable cause. *See Allen v. McCurry, supra*. Moreover, Plaintiff utilized the "opportunity" to probe the alleged unreliability and bias of the informant, to elucidate the alleged inconsistencies of the State's witnesses, and to present his alibi defense. At the conclusion of the preliminary hearing, the Magistrate Court made a formal written finding of probable cause that the

charged crimes had been committed and that Plaintiff had committed them, and bound him over for trial. With such a factual record, both Tenth Circuit and New Mexico precedent support the issuance of a summary judgment based on issue preclusion. *Franklin v. Thompson*, 981 F.2d 1168 (10th Cir. 1992); *Oldfield v. Benavidez*, 867 P.2d 1167 (N.M. 1994).

Plaintiff relies upon various statements of the state magistrate indicating the testimony at the evidentiary hearing was "inconsistent" that probable cause was a "real stretch," and that there was "reasonable doubt as to whether Mr. Angel was in Torrance County on April 17th, 2002." However, it is well established in New Mexico that oral statements by a judge cannot impeach a subsequent written judgment and may not serve as a basis for error. *Getz v. Equitable Life Assurance Soc'y*, 561 P.2d 468, 470 (N.M. 1977); *Chapman v. Jesco, Inc.*, 652 P.2d 257, 259 (N.M. App. 1982). Therefore, any oral statements attributed to Magistrate Jones do not diminish the preclusive effect of his order finding probable cause.

V.    <u>Supervisory Liability Under 42 U.S.C. § 1983 (Count II)</u>

Plaintiff has pleaded a "supervisory liability" claim pursuant to 42 U.S.C. § 1983 against Sheriff Golden and Sgt. Encinias, and against Torrance County and the Torrance County Sheriff's Department. In certain situations a plaintiff may bring a civil rights claim under 42 U.S.C. § 1983 against a "local government entity" as defined by the law of the state in which the action is filed. *See Monell v. Department of Social Servs.*, 436 U.S. 658, 690 n. 55 (1978). However, under New Mexico law, a sheriff's department is not a local governmental "entity" distinct from the county itself. *See, e.g.*, NMSA 1978 § 4-38-1 (2002 Repl. Pamp.) (county constitutes "body politic and corporate"), § 4-46-1 (all suits and proceedings brought against a county "shall be" brought against board of county commissioners). As to Torrance

County, it is the law of New Mexico that "<u>all</u> suits or proceedings ... against a county" <u>must</u> be brought against the board of county commissioners, rather than the county itself.  *See* NMSA 1978 § 4-46-1 (emphasis added).  Defendant Torrance County, therefore, is not a proper party to this action as a matter of law.

Finally, there is no legal basis for the alleged liability against either Torrance County or its surrogate, the Sheriff's Office.  The United States Supreme Court has held that in order to state a § 1983 damages claim against a county, the plaintiff must allege (and ultimately prove) that a county employee committed a constitutional violation, <u>and</u> that the county's "policy or custom" was "the moving force behind the constitutional deprivation."  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998).  A county's liability cannot therefore be based on *respondeat superior*.  *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993); *Marshall v. Columbia Lea Regional Hosp.*, 345 F.3d 1157, 1177 (10th Cir. 2003).  Since Plaintiff fails to allege or provide evidentiary support for a specific custom or policy of the County which caused Plaintiff's alleged damage, § 1983 is not a valid legal basis for a claim against either the County of Torrance or its Sheriff's Department.  *Collins v. City of Harker Heights*, 503 U.S. 115 (1992); *Jantzen v. Hawkins*, 188 F.3d 1247 (10th Cir. 1999).

Section 1983 does not create substantive right but only provides a recovery mechanism for the deprivation of a federal right.  *Watson v. City of Kansas City*, 857 F.2d 690, 694 (10th Cir. 1988).  The individual Defendants maintain they are entitled to qualified immunity from Plaintiff's § 1983 claim.

The Tenth Circuit has developed a framework for analyzing claims of qualified immunity. Once a defendant pleads qualified immunity, the plaintiff bears the burden of (1) coming forward with sufficient facts to show that the defendant's actions violated a federal constitutional or statutory right and (2) demonstrating that the right violated was clearly established. *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252, 1255 (10th Cir. 1998). "In order to carry [this] burden, the plaintiff must do more than identify in the abstract a clearly established right and allege that the defendant has violated it. Rather, the plaintiff must articulate the clearly established constitutional right and the defendant's conduct which violated the right with specificity...." *Romero v. Fay*, 45 F.3d 1472, 1475 (10th Cir. 1995). *See also Dill v. City of Edmond, supra*. The court must first determine whether plaintiff has alleged a deprivation of a constitutional right; only after determining that plaintiff has alleged a violation of a constitutional right, does this court ask whether the right allegedly violated was clearly established at the time of the conduct at issue. *Baptiste*, 147 F.3d at 1255 n. 6.

However, Plaintiff sets forth no specific allegations or factual foundation to meet this test. In his complaint Plaintiff alleges that he "was arrested in the early morning hours of May 17th, 2002, at gunpoint and in front of his wife and children, handcuffed and taken into custody...." (Compl. ¶ 24). In his affidavit Plaintiff avers Defendant DuBois "was present at my home and had a loaded firearm pointed at both myself and Audrey Ortiz, as my children watched. He held me at gun point as I was hand cuffed, in front of my family, and arrested." (Aff. at 15).

When opposing dismissal on the basis of qualified immunity a plaintiff must come forward with legally sufficient factual support and cannot stand on vague general allegations.

9

The use of *de minimis* force during an arrest will not support a § 1983 claim, *Gross v. Pirtle*, 245 F.3d 1151, 1158 (10th Cir. 2001), and summary judgment is the appropriate response given a qualified immunity defense. *Hunter v. Namanny*, 219 F.3d 825, 832 (8th Cir. 2000). Merely alleging a police officer drew his weapon and pointed it at a suspect is insufficient without more to support a § 1983 claim. *Coursan v. McMillian*, 939 F.2d 1479 (11th Cir. 1991); *Pleasant v. Zamieski*, 895 F.2d 272 (6th Cir. 1990). Plaintiff also makes a vague complaint in his affidavit that Defendant DuBois searched his home at the time of the arrest. It is unclear the exact nature of this allegation. *Cf. Lawmaster v. Ward*, 125 F.3d 1341, 1348 (10th Cir. 1997) (agent may rely on magistrate's finding of probable cause in conducting search). Once again, Plaintiff has failed to plead or provide sufficiently specific facts to sustain a § 1983 claim. *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981); *Schroeder v. Kochanowski*, 311 F. Supp. 2d 1241 (D. Kan. 2004). If, however, Plaintiff has a specific complaint regarding the search, he may file evidence on that subject within ten (10) days of this opinion.

VI.     False Arrest, False Imprisonment, and Lack of Probable Cause

Plaintiff pleads false arrest, false imprisonment, and malicious prosecution claims against several Defendants apparently based on 42 U.S.C. § 1983.

With regard to false arrest, a law enforcement officer is entitled to qualified immunity if a reasonable officer could have believed that probable cause existed at the time he or she made the arrest. *Hunter v. Bryant*, 502 U.S. 224, 227-28 (1991); *Anderson v. Creighton*, 483 U.S. 635, 641 (1987); *Romero v. Fay, supra*. "Even law enforcement officials who reasonably but mistakenly conclude that probable cause is present are entitled to immunity." *Hunter, supra*. Indeed, the United States Supreme Court has noted that "[t]he validity of the arrest

does not depend on whether the suspect actually committed a crime; the mere fact that the suspect is later acquitted of the offense for which he is arrested is irrelevant to the validity of the arrest." *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1999). Based on the findings of probable cause by the New Mexico Magistrate Court, all Defendants are entitled to qualified immunity for the arrest.

VII.   Defamation

Plaintiff pleads a violation of 42 U.S.C. § 1983 based on an alleged defamation. As a matter of law a defamatory injury to reputation does not constitute the deprivation of a liberty interest. *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003). Simple defamation is therefore not actionable under § 1983. *See Siegert v. Gilley*, 500 U.S. 226, 233 (1991); *Paul v. Davis*, 424 U.S. 693 (1976). And Plaintiff has failed to allege or support a colorable § 1983 claim deriving from defamation. *Nilson v. Layton City*, 45 F.3d 369 (10th Cir. 1995); *Hodge v. Jones*, 31 F.3d 157 (4th Cir. 1994).

VIII.   Use of Excessive Force

In his complaint, Plaintiff alleges that Defendants "us[ed] a degree of force that was unreasonable under the circumstances" in violation of his rights under the Fourth and Fourteenth Amendments. This is insufficient. *Gross v. Pirtle, supra*. He further alleges the County violated his rights: "Upon information and belief, authorizing, permitting or tolerating the custom and practice of the unconstitutional and excessive use of force by both the sheriff's department and its employees...." (Compl. ¶ 35(a)). Once again, however, such conclusory allegations will not suffice. *Hollingsworth v. Hill*, 110 F.3d 733 (10th Cir. 1997).

### IX.     Cruel and Unusual Punishment

Plaintiff alleges that Defendants subjected him to "cruel and unusual physical and emotional punishment without the benefit of trial" in violation of his Eighth Amendment rights. Again, the complaint is nonspecific and entirely conclusory. *See Witt v. Roadway Express*, 136 F.3d 1424, 1431 (10th Cir. 1998) ("conclusory allegations" in complaint disregarded). Moreover, the evidence is undisputed that Plaintiff at all material times was incarcerated as a pretrial detainee. The Eighth Amendment does not apply to claims by pretrial detainees. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979); *Kramer v. Gwinnett County*, 306 F. Supp. 2d 1219 (N.D. Ga. 2004).

### X.      State Common-law Claims

The Court has previously dismissed intentional infliction of emotional distress (Count IV); prima facie tort (Count VI); and invasion of privacy (Count VIII) as they pertain to Defendant Golden [Doc. 27]. In addition to his multiple civil rights claims under 42 U.S.C. § 1983, Plaintiff pleads pendent state-law torts of aggravated assault and battery (Count III), false arrest (Count V), false imprisonment (Count VI), malicious abuse of process (Count IX), defamation (Count X), and negligence (Count XI). The Court having found the federal claims must fail based on the current record, judicial economy dictates the state claims can better be decided by the New Mexico state courts. *Noble v. White*, 996 F.2d 797 (5th Cir. 1993); *TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062 (D. Colo. 1991).

**O R D E R**

For the above stated reasons, Defendants' *Motion for Summary Judgment* is GRANTED as to all federal claims, and the Court declines to exercise supplemental jurisdiction on Plaintiff's state-law claims which are dismissed without prejudice.

SO ORDERED this 23rd day of August, 2005.

_____
**BRUCE D. BLACK**
**United States District Judge**


**For Plaintiff:**
   Kathleen M. Rhinehart, Albuquerque, NM

**For Defendants:**
   Michael Dickman, Santa Fe, NM